IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CV-162-D

CAROL S. ASHFORD,                    )
                                     )
                    Plaintiff,       )
                                     )
        v.                           )        **ORDER**
                                     )
COUNTRYWIDE HOME LOANS,              )
BANK OF AMERICA,                     )
BANK OF NEW YORK,                    )
BANK OF NEW YORK MELLON,             )
and BROCK & SCOTT, PLLC,             )
                                     )
                    Defendants.      )

Carol S. Ashford ("plaintiff") has launched a collateral attack in this court on foreclosure proceedings instituted in Brunswick County Superior Court concerning property on Oak Island, North Carolina. Plaintiff now seeks a temporary restraining order [D.E. 2]. Defendants have responded in opposition [D.E. 20].

Plaintiff has failed to allege grounds for federal subject-matter jurisdiction. Diversity jurisdiction does not exist because plaintiff and defendant Brock & Scott, PLLC are both North Carolina citizens. See 28 U.S.C. § 1332. Moreover, federal question jurisdiction does not exist on the face of the complaint. See id. § 1331; In re Blackwater Security Consulting, LLC, 460 F.3d 576, 584 (4th Cir. 2006).

If plaintiff is not satisfied with the foreclosure proceedings in Brunswick County Superior Court (and she clearly is not), she needs to appeal within the North Carolina appellate system. If still dissatisfied, she may appeal to the Supreme Court of the United States. See 28 U.S.C. § 1257. The Rooker-Feldman doctrine bars this court from sitting in direct review of North Carolina's appellate or trial courts. See, e.g., Lance v. Dennis, 546 U.S. 459, 460 (2006) (per curiam); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); Adkins v. Rumsfeld, 464 F.3d

456, 463–64 (4th Cir. 2006); <u>Davani v. Va. Dept. of Transp.</u>, 434 F.3d 712, 718–19 (4th Cir. 2006); <u>Moore v. Idealease of Wilmington</u>, 465 F. Supp. 2d 484, 489 (E.D.N.C. 2006).

Alternatively, this court cannot enjoin the state-court proceedings based on the allegations in the rambling and incoherent complaint. <u>See</u>, <u>e.g.</u>, 28 U.S.C. § 2283; <u>Vendo Co. v. Lektro-Vend Corp.</u>, 433 U.S. 623, 630 (1977); <u>Denny's Inc. v. Cake</u>, 364 F.3d 521, 528–30 (4th Cir. 2004); <u>Phillips v. Charles Schreiner Bank</u>, 894 F.2d 127, 131–32 (5th Cir. 1990). Finally, even if this court has jurisdiction and the power to issue an injunction, plaintiff has failed to meet the four requirements necessary to obtain an injunction. <u>See</u> <u>Winter v. Natural Res. Def. Council, Inc.</u>, 129 S. Ct. 365, 374 (2008); <u>Real Truth About Obama, Inc. v. Fed. Elec. Comm'n</u>, 575 F.3d 342, 345–47 (4th Cir. 2009), <u>vacated on other grounds</u>, 130 S. Ct. 2371 (2010).

In sum, plaintiff's request for injunctive relief [D.E. 2] is DISMISSED for lack of subject-matter jurisdiction. Even if the court has jurisdiction, plaintiff's request for injunctive relief is DENIED.

SO ORDERED. This 18 day of October 2010.

JAMES C. DEVER III
United States District Judge